IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOHN G. TURNER**                                                                        **PLAINTIFF**

**VERSUS**                                                               **CAUSE NO.** 3:20cv165-MPM-RP

**CONCOURS MOLD ALABAMA, INC.,**
**and MARK ROCKS**                                                **DEFENDANTS**

                                                                                       **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and liquidated damages for age discrimination against Defendant Concours Mold Alabama, Inc., and malicious interference with employment against Defendant Mark Rocks. The following facts support this action:

1.

Plaintiff JOHN G. TURNER is and adult resident citizen of 1107, Martintown Road, New Albany, Mississippi, 38652.

2.

Defendant CONCOURS MOLD ALABAMA, INC. ("Concours") is an Alabama corporation. Defendant Concours may be served with process on its registered agent, Mark Rocks, 651 24th Street Southwest, Cullman, Alabama 35055.

Defendant MARK ROCKS is an adult resident citizen of Cullman, Alabama, and may be served with process at his place of employment, Concours Mold Alabama, 651 24th Street Southwest, Cullman, Alabama 35055.

3.

Plaintiff is a citizen of Mississippi. Defendants are citizens of Alabama, and not of Mississippi. As such, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, such that there is diversity jurisdiction under 28 U.S.C. § 1332. This also Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

4.

Plaintiff John Turner is currently is sixty-two (62) years old. Plaintiff has filed his EEOC Charge alleging age discrimination, attached hereto as Exhibit "A," and received his right-to-sue letter, attached hereto as Exhibit "B."

5.

Plaintiff has a total of around thirty-eight (38) years in the plastics industry, both in sales and engineering.

6.

Around February 1, 2017, Plaintiff was hired by Defendant Concours to be a business development manager working out of his home office in New Albany, Mississippi. Defendant Concours had three (3) locations, one in Cullman, Alabama, one in Canada, and one in Mexico. The Canadian and Mexican plants make new molds, while the Alabama plant repaired molds. Plaintiff would attempt to solicit new business for both new and repaired mold work. Plaintiff reported to Ross Mitton in Cullman, Alabama, and Ed Ergun in Canada. Two-thirds (2/3) of Plaintiff's sales were new molds.

7.

At the time Plaintiff was hired, he was not given any active or inactive accounts to work. Instead, Plaintiff exclusively attempted to secure new accounts. In contrast, Plaintiff believes the other salespersons, who were in their thirties (30s) and forties (40s), were given active and inactive accounts to work from the day they started. In the summer of 2019, Defendant Concours transferred a young female, around thirty-six (36) years old, from its Canadian plant to work out of Alabama. This young female was instantly given active and inactive accounts to work, including one of Plaintiff's accounts.

8.

In the summer of 2017, Mitton was terminated and replaced by Defendant Mark Rocks as the general manager of the Cullman mold shop. Defendant Rocks made it clear that he did not like Plaintiff and did not want him working for him both before and after Defendant Rocks became his supervisor. The animosity apparently started when Defendant Rocks and Plaintiff were both business development managers and were making a sales presentation in Mobile, Alabama. The presentation did not go well, and Defendant Rocks asked Plaintiff why he thought it went poorly. Plaintiff gave Defendant Rocks his honest opinion, which only made Defendant Rocks angry. After Defendant Rocks became Plaintiff's supervisor, the animosity continued.

9.

After Defendant Rocks was promoted to general manager, Plaintiff was finally given five (5) accounts to develop, specifically the accounts that Defendant Rocks had been working as a business developer. Of the five (5) accounts, two (2) were active and three (3) were inactive. However, all Defendant Rocks gave Plaintiff was the contact information for these companies, and

no notes on what was going on with each account. This made it difficult from day one to properly service these accounts. This seemed to be an attempt by Defendant Rocks to ensure Plaintiff would not be successful with these accounts.

10.

Still, Plaintiff was able to land at least six (6) new accounts that brought in $7.2 million in new molds business in Canada and Mexico, and $426,000 per month in repair work for Cullman. These new accounts included: (1) TBDN - Jackson, Tennessee (new molds); (2) Grammar - Shannon, Mississippi (repairs); (3) Grammar - Queretaro, Mexico (new molds); (4) Venture Plastics - El Paso, Texas (new molds); (5) Jarden Solutions - Hattiesburg, Mississippi (repairs); and (6) Diversity Vuteq - New Albany, Mississippi (new molds and repairs). In contrast, upon information and belief, the young salespersons were unable to land few, if any, new accounts.

11.

Further, after Plaintiff began building the sales of the accounts he landed and was given, some of these accounts were taken from him and given to the younger employers. For example: (1) In the of summer 2017, Nascote - Nashville, Illinois; (2) In 2018, Aisin - Marion, Illinois; (3) In April 2019, Kasai - Jasper, Alabama; and (4) In June 2019, US Farathane - Jackson, Tennessee.

12.

Because of Defendant Rocks' personal animosity and because of Plaintiff's age, Plaintiff did not receive raises that the younger salespersons were receiving. When Plaintiff asked Defendant Rocks why he was not given a raise, Defendant Rocks responded, "You are making too much money, so you aren't getting a raise." Defendant Rocks brought up the fact that Plaintiff was not a toolmaker like everyone else in sales. Plaintiff would remind Defendant Rocks that was well known

when he was hired, but he did have more than thirty-five (35) years of experience in the plastics industry, which was longer than most of the other salespeople had been alive. Defendant Rocks responded, "We knew what we were getting when you were hired."

13.

In April 2019, Defendant Rocks gave Plaintiff the only poor evaluation he received while working for Defendant Concours. Plaintiff asked Defendant Rocks whether he was going to fire him. Defendant Rocks would not answer.

14.

As a result of the hostile work environment, Plaintiff was being subjected to by Defendant Rocks, Plaintiff was admitted to the hospital for chest pain, and it was diagnosed as a heart ischemia. While in the hospital, Plaintiff called Defendant Rocks to tell him the situation. Sometime later that day, Defendant Rocks accidentally copied Plaintiff on an email he had sent to the HR manager in Canada, Tiffany Huson. Defendant Rocks told Huson that Plaintiff's situation was not serious and Plaintiff was just having some anxiety.

15.

In the summer of 2019, Plaintiff was assured by Diversity Vuteq in New Albany, Mississippi, that it was going to get an account that would bring in around $6,000,000.00 to $7,000,000.00 in new business. This account would easily make Plaintiff the top salesperson working out of the Cullman, Alabama shop. For that reason, Defendants determined they had to get rid of Plaintiff so it could give this new large account to one of the younger salespersons.

16.

On August 20, 2019, Plaintiff was terminated. Plaintiff was told that it was an organizational restructuring. To Plaintiff's knowledge, he was the only salesperson let go in Alabama. He was also, by far, the oldest person working in sales for Cullman mold shop.

17.

But for Plaintiff's age, he would not been treated less favorably than the younger salespersons and, but for his age, he would not have been fired. As such, Defendant Concours is liable to Plaintiff for age discrimination. The age discrimination against Plaintiff was willful such that liquidated damages are also warranted.

18.

Defendant Mark Rocks is liable to Plaintiff for malicious interference with employment, in that he was responsible for Plaintiff being terminated, not for any legitimate business reason, but because of personal reasons. The interference was outrageous such that punitive damages are warranted.

19.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendants' actions.

**REQUEST FOR RELIEF**

Plaintiff requests lost income, mental anxiety and stress, liquidated damages, and punitive damages in an amount to be determined by a jury, reinstatement or front pay, and reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 10th day of June, 2020.

                                                JOHN G. TURNER Plaintiff

By:   */s/ Jim Waide*
        Jim Waide, MS Bar No. 6857
        Ron Woodruff, MS Bar No. 100391
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEYS FOR PLAINTIFF